IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAPHKAR B. ETIENNE,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 25-CV-4475 |
| MICHAEL LAPEENESSE,<br>    Defendant. | :<br>:<br>: |

MEMORANDUM

**SCHMEHL, J.** - */s/ JLS*                                                                                       OCTOBER 3, 2025

      Plaintiff Daphkar B. Etienne initiated this civil action by filing a *pro se* Complaint against Defendant Michael Lapeenesse. (ECF No. 2.) He seeks leave to proceed *in forma pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Etienne leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.    FACTUAL ALLEGATIONS**[1]

      The facts recited by Etienne are not altogether clear. Etienne and Defendant Lapeenesse apparently resided at the same location. (Compl. at 4.) Lapeenesse allegedly told Etienne that he planned to find another place to stay, and Etienne also sought another place to live. (*Id.*) After Etienne returned home one day, his belongings were packed without his permission, including laundry bags. (*Id.*) One of the bags apparently contained money.[2] (*Id.*) When Etienne confronted Lapeenesse about his things, Lapeenesse accused him of lying and being a thief. (*Id.*) Etienne filed this lawsuit in which he provided Pennsylvania addresses for both

---

[1] The facts set forth in this Memorandum are taken from Etienne's Complaint ("Compl."). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

[2] The handwritten amount in the Complaint is difficult to decipher, but it appears to be $3500.

himself and Lapeenesse and claims that both are citizens of Haiti. As relief, he asks for Lapeenesse to return his belongings or be sent to jail. (*Id.* at 5.)

## II.     STANDARD OF REVIEW

The Court will grant Etienne leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Etienne's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Etienne's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue."). As Etienne is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III.   DISCUSSION

#### A.   Section 1983 Claims

Although unclear, it appears that Etienne sought to bring federal claims against Lapeenesse for unlawfully entering his home and taking his belongings, presumably pursuant to 42 U.S.C. § 1983. (Compl. at 2 (checking "Federal Questions" as the basis for the Court's jurisdiction over the case).) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). Whether a defendant is acting under color of state law—*i.e.*, whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by

3

Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

The Defendant is a private citizen, who apparently lived in the same residence as Etienne at one time. Private individuals like Lapeenesse are not state actors subject to liability under § 1983. *See Coulter v. Coulter*, No. 22-1806, 2023 WL 3075044, at *13 (W.D. Pa. Apr. 25, 2023) (rejecting § 1983 claims alleged against plaintiff's family members and neighbors because they were not state actors); *Ross v. Terrebonne Parish Sheriff's Office*, No. 22-3974, 2022 WL 20302985, at *2 (E.D. La. Nov. 9, 2022) (dismissing under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) plaintiff's § 1983 claims alleging theft by defendant roommates because they were not state actors); *Saterstad v. Derry Twp*, No. 20-765, 2021 WL 5817328, at *8 (M.D. Pa. Oct. 18, 2021) (concluding that the defendant, who was plaintiff's neighbor, was not liable under § 1983 because he was not a state actor). Etienne's constitutional claims are therefore not plausible and may not proceed.

### B. State Law Claims

Etienne's Complaint is better construed as raising claims under state law, but there is no independent basis for the Court's jurisdiction over any such claims.[3] *See, e.g., Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective

---

[3] The Court declines to exercise supplemental jurisdiction having dismissed Etienne's federal claims.

4

of whether a *pro se* litigant has mentioned it by name."). The only possible basis for jurisdiction is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Diversity jurisdiction under § 1332(a) does not include actions between two foreign parties. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State.") (emphasis in original); *Tagger v. Strauss Group, Ltd.*, 951 F.3d 124, 127 (2d Cir. 2020) ("[F]ederal courts do not have diversity jurisdiction over lawsuits between two foreign parties."); *see also Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 500 (3d Cir. 1997) (explaining that there must be a "legitimate dispute" between United States citizens for diversity jurisdiction to lie).

Etienne alleges that he and Lapeenesse are both citizens of Haiti. (*See* Compl. at 4.) Because the Court lacks diversity jurisdiction over an action between two aliens, the action here cannot proceed. *See Tagger*, 951 F.3d at 127. Etienne provides no information about his or the Defendant's legal status in the United States, but ultimately, it could not salvage diversity jurisdiction here. Even if the two parties were United States citizens, diversity would still be lacking because Etienne provides only Pennsylvania addresses for himself and for Defendant Lapeenesse. (*See* Compl. at 2-3.) As Etienne pleads that he and Lapeenesse reside in the same

5

state, he has not met his burden of demonstrating that diversity jurisdiction exists. Accordingly, to the extent that Etienne brings state law claims, they will be dismissed without prejudice for lack of jurisdiction.[4]

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Etienne leave to proceed *in forma pauperis* and dismiss his Complaint. Since Etienne's allegations do not support any factual basis for a claim under § 1983, his federal claims will be dismissed with prejudice because amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). His state law claims are dismissed without prejudice for lack of jurisdiction. Although Etienne may not reassert his state claims in this Court because amendment would be futile, the Court's dismissal does not preclude him from refiling his claims in the appropriate state court should he choose to do so.

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL**
**United States District Court Judge**

---

[4] Etienne accuses Lapeenesse of theft and wants him jailed. (Compl. at 5.) To the extent that he would seek to initiate state criminal charges against Lapeenesse, the Court would have no authority to order such relief, in any event. *See Kent v. Ed Carber Inc.*, 467 F. App'x 112, 113 (3d Cir. 2012) (*per curiam*) (affirming dismissal of claims seeking initiation of criminal charges because "a private person does not have a 'judicially cognizable interest in the prosecution . . . of another'" (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))).